UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LETITIA MOORE,

    Plaintiff,

v.

                      Case No. 11-CV-13803-DT

                      HONORABLE DENISE PAGE HOOD

CHASE HOME FINANCE, LLC, et al.,

    Defendants.

_____/

**ORDER GRANTING VARIOUS MOTIONS TO DISMISS**
**and**
**ORDER DISMISSING ACTION**

**I.    BACKGROUND**

This matter was removed from the Macomb County Circuit Court, State of Michigan on August 31, 2011. Plaintiff Letitia Moore filed a Complaint against several Defendants, including: Chase Home Finance LLC ("Chase"); Federal Housing Administration ("FHA"); Liberty Mortgage Funding, Inc. ("Liberty"); Towne Mortgage Co. ("Towne"); Department of Housing Urban Development ("HUD"); Michaelson Conner & Boul, Rogers Law Center, PLLC ("Michaelson"); Linda Bernard and Associates, PLC ("Bernard"); First Financial Education, LLC ("First Financial"); Mortgage Electronic Registration Systems, Inc. ("MERS"); Orlans & Associates, P.C. ("Orlans"), First Universal Lending ("First Universal"), and Comprehensive Mortgage ("Comprehensive"). The Complaint alleges the following counts: Conspiracy (Count 1); Silent Misrepresentation (Fraud) (Count 2); Breach of Contract (Count 3); Fraudulent Misrepresentation / RESPA Violation (Count 4); Innocent Misrepresentation (Count 5); Fraud Based on Bad-Faith Promise (Count 6); and, Recklessly with Knowledge and Discrimination Predatory Lending (Count 7).

Moore alleges that she obtained a home mortgage from one of the defendants on December

28, 2007 for the property commonly known as 20001 Salisbury, Saint Clair Shores, Michigan. (Comp., ¶ 3)  Moore claims that at the start of the mortgage transaction there was compliance violation involving predatory, deceptive, unfair lending and servicing practices. (Comp., ¶ 3) Moore asserts she is unsure who actually owns the Mortgage Note. (Comp., ¶ 3) She claims that Defendants never posted a foreclosure sale notice or sheriff sale notice on the door nor did she receive such notice by U.S. Postal mail. (Comp., ¶ 5) Moore states that she has made repeated efforts to contact Defendants and/or its agent/assignees to work out a modification to cure the contract. (Comp., ¶ 6)

Moore asserts that her mortgage payment increased in January 2009 from $1,105 to $1,288. (Comp., ¶ 6) Moore claims she hired a housing counselor to assist her in reducing the payment or to modify the loan because of the cut backs and layoffs at Moore's employment. (Comp., ¶ 6) Moore used First Universal on February 25, 2009, paying $400 per month for five months. (Comp., ¶ 6) Moore had a serious set back with cancer and none of the Defendants informed Moore that First Universal was a fraud. (Comp., ¶ 6)

Moore then went to another housing specialist and hired Comprehensive Mortgage, paying $300 in August 2009. Moore claims Comprehensive Mortgage did nothing and sought help from First Financial, paying the counselor $1,400 from November 2009 until May 2011. Moore asserts Comprehensive Mortgage did nothing during this time. (Comp., ¶ 6) Moore claims she was told by Defendants everything was okay and that they should have an answer any day about the modification. She states that Defendants kept reassuring her that everything was okay. (Comp., ¶ 6) Moore asserts that she was unaware during this time that her home had been foreclosed on, that Defendants never called her home to ask about payments or set up other arrangements. (Comp., ¶

6) Moore claims she received misleading information from several companies and attorneys and that Defendants lied and took her money. (Comp., ¶ 6)

Moore claims that investors never monitor brokers, lender servicing and banks and that the FHA send to lenders request for information about their quality control program. (Comp., p. 3) Moore claims she has no record or evidence of any contractual agreement that grant Chase Home Finance to deny Moore of equal protection under the alleged contract. (Comp., p. 4)

The following Defendants have filed Motions to Dismiss: HUD and FHA, Michaelson, Orlans, Chase, and Bernard. No response was filed to any of the motions. Hearings were held on the matter and Moore did not appear for oral argument on the motions.

## II.  ANALYSIS

### A.  Standard of Review

Defendants filed the Motion to Dismiss under Rule 12(b)(6) of the Rules of Civil Procedures asserting that the Complaint fails to state a claim upon which relief may be granted. Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation." *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show [n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984).

4

**B.     Motion to Dismiss by FHA and HUD**

Defendants FHA and HUD argue that the Complaint against them are devoid of any factual claims upon which relief can be granted. They assert that the Complaint contains conclusory allegations which fail to state any plausible claim against the FHA or HUD and should be dismissed under *Iqbal.*

A review of the Complaint shows that there are no factual allegations against the FHA and HUD. The Complaint merely states that the FHA sends to lenders requests for information about their quality control program. Liberally construing the Complaint, the Court finds Moore failed to state a claim upon which relief may be granted as to Defendants FHA and HUD.

**C.     Motion to Dismiss by Michaelson**

Michaelson asserts it is a contract manager that contracts with HUD to manage post-foreclosure single family homes that have been conveyed to HUD for resale. Michaelson claims it has no interest or involvement in the subject property. Michaelson seeks dismissal of the Complaint against it asserting that the Complaint is conclusory, unsubstantiated, not plausible and fails to state the pleading standard set forth in *Iqbal*.

Liberally construing the Complaint, the Court finds there are no factual allegations against Michaelson and that the Complaint fails to state a claim upon which relief may be granted as to Defendant Michaelson.

**D.     Motion to Dismiss by Orlans**

Orlans argues that the Complaint alleges no factual allegations against it which places Orlans on notice as to any possible claims against Orlans. Liberally reviewing the Complaint, the Court finds that Moore has failed to state any claims against Orlans.

###        E.        Motion to Dismiss by Chase

Chase asserts that the Complaint against it should be dismissed for failure to state a claim upon which relief may be granted under *Twombly* and *Iqbal*, or alternatively, for failing to comply with the State Court Order for a more definite statement. Chase argues that all throughout the Complaint Moore fails to identify which specific defendant she was referring to in the Complaint. Chase further argues that the Complaint does not allege any facts allowing any defendant fair notice of what claim Moore asserts. Additionally, Chase argues that Moore failed to submit a more definite statement as required by the State Court in the State Court's August 29, 2011 Order entered prior to the removal of the case.

A liberal review of Moore's Complaint shows that she has alleged no specific facts against Chase. Moore's Complaint is conclusory and fails to identify any facts where Chase would have notice as to the claims against it. Moore also failed to file any further factual claims or pleadings as required by the State Court Order dated August 29, 2011.

###        F.        Motion to Dismiss by Bernard

Bernard seeks dismissal of the Complaint. Bernard asserts that the firm has no knowledge of any aspect of Moore's Complaint. Bernard asserts that she never had an attorney-client relationship or represented any of the defendants, specifically, First Financial Education. Bernard has acted, on occasion, in the capacity of special counsel for First Financial but not in the case before the Court.

Liberally construing the Complaint, the Court finds there are no factual allegations against the Bernard firm. Moore fails to state any claim against the Bernard firm in the Complaint.

## III.     LACK OF PROSECUTION

As noted above, after removal of the action from State Court to this Court, Moore has not appeared in any proceedings before the Court. Moore did not file any response to any of the motions filed by the parties. Moore has not contacted the Court in any manner to inquire about her case. The Court finds Moore has failed to prosecute her case before this Court. The Court dismisses the action as to the remaining Defendants without prejudice for lack of prosecution by Moore.

## IV.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Dismiss filed by Defendants Department of Housing and Urban Development and Federal Housing Administration **(Doc. No. 2, filed 8/31/2011)** is GRANTED. Defendants HUD and FHA are DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Michaelson, Connor & Boul **(Doc. No. 4, filed 9/14/2011)** is GRANTED. Defendant Michaelson is DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Orlans & Associates, P.C. **(Doc. No. 6, filed 9/19/2011)** is GRANTED. Defendant Orlans is DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Defendants Chase Home Finance, LLC and Mortgage Electronic Registration Systems, Inc. **(Doc. No. 16, filed 12/7/2011)** is GRANTED. Defendants Chase and MERS are DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Linda Bernard and Associates, PLC **(Doc. No. 17, filed 12/12/2011)** is GRANTED. Defendant Bernard is DISMISSED with prejudice.

IT IS FURTHER ORDERED that as to the remaining Defendants, this action is DISMISSED

without prejudice for lack of prosecution by Plaintiff Letitia Moore.


                                        S/Denise Page Hood
                                        Denise Page Hood
                                        United States District Judge

Dated:  February 29, 2012

I hereby certify that a copy of the foregoing document was served upon Letitia Moore, 20001 Salisbury, St. Clair Shores, MI 48080 and  counsel of record on February 29, 2012, by electronic and/or ordinary mail.

                                        S/LaShawn R. Saulsberry
                                        Case Manager